CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
(702) 435-7968 – telephone
1-702 825-8071 – facsimile
attcbf@cox.net

James J. Parr, Esq. (SBN 6317921)[1]
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Avenue, Suite 409
Chicago, IL 60640
(312) 224-4695 – telephone
(312) 253-4451 – facsimile
james@agrusslawfirm.com

*Attorneys for Plaintiff Tunde Secession*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TUNDE SECESSION,<br><br>                      Plaintiff,<br><br>    v.<br><br>NATIONAL CHECK RESOLUTION, INC.,<br><br>                      Defendant. | CASE NO.: 2:18-cv-1001<br><br>**COMPLAINT**<br><br>[Eight Person Jury Demanded] |

Plaintiff, TUNDE SECESSION ("Plaintiff"), by and through her attorneys, alleges the following against Defendant, NATIONAL CHECK RESOLUTION, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Nevada Deceptive Trade Practices Act, NRS 598 et seq. and NRS 41.600 ("NDTPA").

---

[1] Illinois counsel will comply with LR IA 11-2 and move for pro hac vice admission within 45 days.

1

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Las Vegas, Clark County, Nevada.

8. Plaintiff is a consumer as that term is defined by the FDCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Lawrenceville, Gwinnett County, Georgia.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of consumer debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, consumer debts allegedly owed to third parties.

17. During the course of its attempts to collect consumer debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail

and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff, originating with Plain Green Loans/PlainGreen, LLC and apparently now owned by Rocky Mountain Capital Management.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. Within the past year of Plaintiff filing this complaint, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone number at ###-###-5609, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from several numbers, including 800-931-8619, which is one of Defendant's telephone numbers.

23. On at least one occasion since Defendant began calling Plaintiff, Plaintiff spoke with Defendant's collectors.

24. During one such conversation, Defendant's collector "Greg" coerced Plaintiff into setting up a payment plan with unfounded accusations and illegal threats.

25. During the aforementioned conversation:
    a. "Greg" threatened to take legal action against Plaintiff for check fraud;
    b. "Greg" stated that he had the lawsuit drafted and ready to be filed, but Plaintiff could avoid that by setting up a payment plan with Defendant;
    c. "Greg" demanded that Plaintiff set-up the payment plan immediately; and
    d. Under duress, fearing being falsely prosecuted for alleged check fraud, Plaintiff agreed to a payment plan.

26. On at least two occasions since Defendant began calling Plaintiff, Defendant's collectors left a voicemail message on Plaintiff's telephone.

27. Defendant's voicemail messages insinuated legal action would be taken against Plaintiff if Plaintiff did not immediately pay the alleged debt.

28. One of Defendant's voicemail messages, left on or about August 29, 2017, from a collector identifying himself as "Greg," referred to Plaintiff as a "lowlife" and that he had "no pity" for Plaintiff.

29. To date, Defendant has not taken legal action against Plaintiff.

30. To date, Defendant does not have a judgment entered against Plaintiff.

31. The natural consequences of Defendant's collectors' actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owed.

32. The natural consequences of Defendant's collectors' actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

33. The natural consequences of Defendant's collectors' actions was to cause Plaintiff mental distress.

34. Defendant's collectors' actions were a calculated attempt to coerce Plaintiff into payment of the alleged debt.

35. Plaintiff has paid a total of $100.00 to Defendant as a result of Defendant's coercive tactics and threats.

**COUNT I:**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

36. Plaintiff incorporates by reference the foregoing paragraphs 1 through 35 of Plaintiff's Complaint as if though fully set forth herein under Count I.

37. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, when Defendant threatened to take legal action against Plaintiff for check fraud, when Defendant did not intend to take such action;

    b. Defendant further violated § 1692d of the FDCPA with its harassing, oppressive, and abusive tactics by unlawfully attempting to coerce Plaintiff into payment of the alleged debt when its collector referred to Plaintiff in a voicemail message as a "lowlife" and used an ominous veiled threat of having "no pity" for the Plaintiff;

4

    c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant threatened to take legal action against Plaintiff for check fraud, but did not intend to take such action—tactics which Defendant used to unlawfully coerce Plaintiff into a payment plan;

    d. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken and that is not intended to be taken when Defendant threatened to take legal action against Plaintiff for check fraud, but did not intend to take such action—a tactic which Defendant used to unlawfully coerce Plaintiff into a payment plan;

    e. Defendant violated § 1692e(7) of the FDCPA by its false implication that the consumer committed any crime or other conduct in order to disgrace the consumer when Defendant insinuated that Plaintiff had committed a crime of check fraud, which was underscored by Defendant's collector calling Plaintiff a "lowlife" and that the collector had "no pity" for Plaintiff;

    f. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt when Defendant threatened unfounded legal action against Plaintiff—a tactic which Defendant used to unlawfully coerce Plaintiff into a payment plan;

    g. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant demanded that Plaintiff immediately set-up a payment plan during the above-referenced collection call coupled with the coercive empty threat of suing Plaintiff for check fraud; and

    h. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in all of the foregoing misconduct conduct.

38. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

39. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

## COUNT II:
## DEFENDANT VIOLATED THE NEVADA DECEPTIVE TRADE PRACTICES ACT

40. Plaintiff incorporates by reference the foregoing paragraphs 1 through 35 of Plaintiff's Complaint as if though fully set forth herein under Count II.

41. The foregoing acts and omissions constitute numerous and multiple violations of the NDTPA.

    a. Defendant's conduct violated NRS 598.023(3) by violating the FDCPA, a federal statute, in Defendant's attempt to collect on a consumer debt, allegedly owed by the Plaintiff, which was owed for goods and/or services; and

    b. Through each and every violation of the NDTPA, Defendant committed "consumer fraud" as defined by NRS 41.600(2)(e).

## COUNT III:
## DEFENDANT VIOLATED THE NEVADA DECEPTIVE TRADE PRACTICES ACT
## NRS 598.0923(1) & 41.600

42. Plaintiff incorporates by reference the foregoing paragraphs 1 through 35 of Plaintiff's Complaint as if though fully set forth herein under Count III.

43. NRS 598.0923(1) reads in pertinent part that "A person engages in a "deceptive trade practice" when in the course of his business or occupation he knowingly... Conducts the business or occupation without all required state, county or city licenses."

44. Pursuant to NRS §§ 41.600, and specifically NRS 41.600(2)(e) and 598.0923(1), Plaintiff is informed and believes and thereon alleges that Defendant has failed to first obtain all requisite state, county and/or city licenses necessary to conduct its consumer debt collection business in Nevada; that said failure was done knowingly; and that Defendant also knowingly failed to obtain certificates of exemption for the requisite state, county, and city licenses, if any can be, that are necessary for it to conduct its consumer debt collection business in Nevada.

45. As a direct and proximate result of Defendant's deceptive trade practices, it has been

unjustly enriched and should be ordered to disgorge all profits received during the time it has conducted its consumer debt collection business in Nevada without the necessary state, county, and/or city licenses.

46. As a further direct and proximate result of Defendant's deceptive trade practices, Plaintiff has been damaged, entitling her to also be awarded her actual damages, her attorneys fees and costs pursuant to statute; and, furthermore allege, that Defendant has acted willfully, intentionally, maliciously and fraudulently, with intent to deceive and defraud, and/or with great recklessness and carelessness in total disregard of the consequences of its actions, thereby entitling Plaintiff to exemplary/punitive damages.

## DEMAND FOR JURY TRIAL

47. Please take notice Plaintiff demands trial by jury in this action.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant for the following:

**As to Count I:**

1. Special damages of $100.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.
2. General damages in an amount to be determined at trial pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.
3. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.
4. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.
5. Any other relief that this Honorable Court deems appropriate.

**As to Count II and Count III:**

6. As a result of each and every violation of the NDTPA and act of "consumer fraud" by Defendant, Plaintiff is entitled to damages pursuant to NRS 41.600(3)(a);
7. Equitable relief that the court deems appropriate, pursuant to NRS 41.600(3)(b); and

8. Reasonable attorneys' fees and costs pursuant to NRS 41.600(3)(c);

9. And any other relief that this Honorable Court deems appropriate.

DATED this 3rd day of May 2018.

Respectfully submitted by:

/s/ *Craig Friedberg*
CRAIG B. FRIEDBERG, ESQ.
-and-
James J. Parr, Esq. (SBN 6317921) (*Subject to Pro Hac Vice*)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640

*Attorneys for Plaintiff Tunde Secession*